USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/2023

# ZAR LAW FIRM
**PROFESSIONAL LIMITED LIABILITY COMPANY**

April 27, 2023

*Via CM/ECF*
United States District Judge Mary Kay Vyskocil
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** Civil Action No. 1:22-cv-10672-MKV, *CBKZZ INVESTMENT LLC d/b/a CASA ROSA HOTEL v. RENAISSANCE RE SYNDICATE 1458 LLOYDS and MT. HAWLEY INSURANCE COMPANY*, In the United States District Court for the Southern District of New York; Plaintiff's Request for Conference regarding Motion to Compel Appraisal.

Dear Judge Vyskocil:

Pursuant to Local Rule 7.1.(d) and Rule (4) of the Court's Individual Rules of Practice in Civil Cases, Plaintiff, CBKZZ Investment LLC D/B/A Casa Rosa Hotel ("Plaintiff") files this letter to outline Plaintiff's basis for seeking to compel appraisal. More specifically, Plaintiff seeks to compel Defendants, Renaissance Re Syndicate 1458 Lloyds and Mt. Hawley Insurance Company ("Defendants") to participate in the appraisal process for the subject insurance claim.

## Compliance with "Meet and Confer" Rule

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Plaintiff's counsel certifies that the counsel for the parties attempted in good faith to resolve this dispute without the need for court action. More specifically, Plaintiff's counsel, Matthew Zarghouni, and Defendants' counsel, Matthew Kraus, conferred on April 14, 2023 regarding the subject dispute. However, Mr. Kraus stated that he and his clients are opposed to appraisal.

## Background

This is a first-party insurance dispute regarding Plaintiff's claim for storm damage to the roof of Plaintiff's property. Defendants issued a commercial property policy to Plaintiff, Policy MPC0501470, which was effective from September 24, 2021, to September 24, 2022 (the "Policy"). The Policy provided coverage for Plaintiff's property located at 761 W. State Hwy 100, Port Isabel, TX 78566 (the "Property"). More specifically, Plaintiff alleges a severe windstorm occurred during the policy period, on or about October 22, 2021, which caused extensive damage to the roof of Plaintiff's property.

After Plaintiff reported the loss, Defendants investigated the claim by assigning two field adjusters to the loss. On March 7, 2022, the adjusters estimated the damage to be $774.12. That same day, Kathy Kim ("Ms. Kim"), a desk adjuster with Mt. Hawley Insurance Company, sent a claim resolution email to Plaintiff, stating in pertinent part:

> "Based on Mr. Jetton's inspection, there may be wind damage to the 3 displaced and damaged clay tiles. The attached estimate is for the repairs due to wind damage. The total in damages is below the $25,000 deductible. Please advise if you will be providing an expert report and/or estimate for our review. If no, report/estimate, we will conclude that the loss is below the deductible and no payment will be made."

On March 8, 2022, pursuant to Section 542A.003 of the Texas Insurance Code, Plaintiff sent Defendants a pre-suit notice letter along with an estimate from Plaintiff's building consultant in the amount of $512,199.29. In response, on March 31, 2022, Ms. Kim sent a letter requesting an engineering inspection and again confirming that Defendant's field adjusters identified $774.12 worth of storm-related damage to Plaintiff's roof, which fell below the policy deductible. More specifically, Ms. Kim stated, "Mr. Jetton found minimal damage to the roof and provided an estimate of $774.12 for the damage found due to windstorm… [and] [o]n March 7, 2022, we informed you that the damages are below the policy deductible."

Based on the disputed amount of loss, on April 11, 2022, Plaintiff sent a letter to Defendants invoking the appraisal provision of the Policy and appointed Matt R Heringer of WGAAI, LLC as its appraiser. The appraisal provision of the Policy reads as follows:

**Appraisal**
If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree on an umpire, either may request that selection be made by a judge of a federal court having jurisdiction. The appraisers will state separately the amount of loss, including an itemized determination of (1) the actual cash value for each damaged item included in the claim, and (2) the replacement cost value, if applicable under the policy, for each damaged item included in the claim. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding, and the decision must be itemized as specified in (1) and (2) above. Each party will:

**a.** Pay its chosen appraiser; and
**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Under no circumstance is appraisal allowed under this policy to determine causation or the existence or non-existence of coverage. Appraisal is also not allowed where coverage for the claimed loss has been denied in its entirety. You cannot invoke appraisal after suit has been filed.

On April 29, 2022, Defendants responded by stating they believed appraisal to be premature given the pending engineering inspection. Following the engineering inspection, on July 22, 2022, Defendants materially changed their position with respect to coverage and fully denied the claim, instead attributing the damage to, among other things, wear and tear. Notably, Defendants relied upon their new denial of coverage to refuse to participate in appraisal. On

December 19, 2022, Plaintiff filed suit against Defendants based upon their improper refusal to participate in appraisal and improper denial of coverage.

## Arguments and Authorities

While it is true that the scope of coverage provided by an insurance policy is a purely legal issue that cannot be determined by an appraisal, factual disputes over the amount of loss for which an insurer is liable are properly determined by an appraisal. *Quick Response Com. Div. v. Cincinnati Ins. Co.*, No. 1:14-CV-779 GLS/DEP, 2015 WL 5306093, at *3 (N.D.N.Y. Sept. 10, 2015), citing *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). Appraisal is intended to resolve the extent and amount of the loss or damage. N.Y. Ins. Law § 3408(c); *see Quick Response Com. Div.*, 2015 WL 5306093, at *3 (explaining that apportioning damage causation is an issue properly subject to appraisal, because it is essentially a factual question to be resolved by making factual judgments about events in the world, not legal analyses of the meaning of the insurance contract), citing *Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 206 (2d Cir. 2012).

Here, it is undisputed that the Policy provides coverage for wind damage to Plaintiff's roof. The parties instead dispute the extent and amount of wind damage to Plaintiff's roof. Although, the Policy's appraisal provision states that appraisal is improper where coverage has been denied and appraisal cannot be invoked after suit has been filed, Plaintiff's invocation of appraisal occurred during the dispute over the amount of loss and prior to litigation. In fact, Defendants twice informed Plaintiff that covered damages amounted to $774.12, and only *after* receiving the demand for appraisal, they *reversed* their coverage decision to deny the claim and refused to participate in appraisal.

For these reasons, Plaintiff respectfully requests the Court to compel Defendants to participate in the appraisal of the subject insurance claim. Plaintiff further requests that the Court partially stay the case with respect to all discovery relating to the amount of loss.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/ Matthew Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
3900 Essex, Suite 1011
Houston, Texas 77027
Office: (713) 333-5533
Fax: (281) 888-3150
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

---

Defendants shall file a response to this letter on or before May 17, 2023.  SO ORDERED.

Date: 5/10/2023
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge

3