UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

October 4, 2023

**VIA ECF**
**AND VIA EMAIL:** SubramanianNYSDChambers@nysd.uscourts.gov
The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

*Re:   CBKZZ Investment LLC dba Casa Rosa Hotel v. Renaissance Re Syndicate 1458 Lloyd's and Mt. Hawley Insurance Company, No. 22-cv-10672-AS –Letter Motion to Compel*

Dear Judge Subramanian:

Defendants Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyd's (collectively, "Mt. Hawley" or "Defendants") submit this letter motion to compel pursuant to Rule 5 of the Court's Individual Rules and Local Civil Rule 37.2. This is a first-party insurance dispute involving Plaintiff's claim for alleged storm damage to the roof of its hotel (the "Property"). Defendants denied the claim after their engineer determined the Property's roof did not sustain any covered damage, and Plaintiff then filed this lawsuit to recover the cost of replacing the roof.

This motion shares some factual background with the Pre-Motion Letter for Extension of Fact Discovery (Doc. 40) filed before the case was reassigned to Your Honor. In essence, this Motion to Compel concerns material information improperly withheld by Plaintiff regarding a roof replacement "bid" submitted by Plaintiff's counsel that was doctored to look like it came from a roofing company called DM Roofing. A copy of the "bid" is attached as **Exhibit A**. The "bid" was submitted to deceive Defendants into thinking it represents the cost an actual roofer would charge to replace the roof, as opposed to the pre-suit estimate submitted by Plaintiff's public adjuster. On its face, the "bid" contains obvious irregularities. First, it was created with Xactimate, the same estimating software used by Plaintiff's public adjuster to create his pre-suit estimate. (In fact, both the "bid" and the public adjuster's pre-suit estimate contain <u>the same incorrect policy number</u> on the first page.) Second, the "bid" is bizarrely dated prior to the reported date of loss. Finally, the DM Roofing logo only appears on the cover page, which is not numbered and appears to have simply been pasted to the front of the existing "bid."

To get to the bottom of this, Defendants served a document subpoena on DM Roofing requesting all supporting materials for this purported "bid." When DM failed to respond, Defendants' counsel contacted DM's representative, Daniel Mora, who advised that he had no records related to the Property, and that he had never even heard of the Property or seen the purported "bid" before. Mora agreed to appear for a deposition to explain this. The next day, Plaintiff's counsel objected to both the records subpoena and request for DM's deposition. Defendants thereafter issued a subpoena commanding Mora to appear for deposition on August 11, 2023. Defendants subsequently filed the Pre-Letter Motion requesting an extension of fact discovery to ensure that

the deposition took place. The Court granted the request on August 7, 2023 and extended fact discovery until October 10, 2023.

On August 11, Mora failed to appear for the deposition. Instead, counsel for Plaintiff appeared and informed Defendants that he was now representing DM Roofing as well as Plaintiff. He advised he was not appearing for deposition pursuant to Defendants' subpoena, but agreed to present Mr. Mora for deposition on August 16. During the deposition, Mora testified that DM had no records related to the Property and that he had never even heard of the Property or seen the purported "bid" until after receiving Defendants' subpoena. Mora then testified that the estimate purportedly "might have" been created by a "former employee" of DM Roofing named Gabriel Martinez whose contact information Mora conveniently deleted from his phone right before the deposition. Mora admitted that he had no personal knowledge as to whether Martinez created the "bid" and that was simply speculating. Not surprisingly, there is not one shred of evidence to support this absurd theory because DM was not involved in creating this estimate. Either Plaintiff's counsel or the public adjuster created the "bid" (which is merely a revised version of the public adjuster's pre-suit Xactimate estimate), inserted DM's logo without the company's permission, and submitted it to Defendants with the hope of inducing a favorable settlement. (Mora testified that he had previously provided estimates to Plaintiff's counsel in the past related to different properties that contained the DM Roofing logo.)

Since Mora's deposition, Defendants have asked Plaintiff's counsel repeatedly to simply identify the individual who created and submitted the "bid" that he provided to us. If Martinez (or any individual from DM) created the "bid," then Plaintiff's counsel could simply produce the email and put an end to this dispute. In fact, Plaintiff's counsel claims to have "proof" that the bid was created and submitted by DM Roofing, but he refuses to provide this "proof" or even identify the individual who purportedly provided him the "bid." Defendants also issued a second subpoena to DM Roofing requesting records evidencing the employment of Gabriel Martinez, Martinez's contact information, materials prepared by Gabriel Martinez during his employment with DM Roofing (which, according to Mora, only lasted a few months), and written communications involving Martinez, including those between Plaintiff's counsel and Martinez predating DM's retention of counsel. Counsel for DM Roofing (who is also counsel for Plaintiff) objected to all requests as overbroad and irrelevant and refused to provide any responsive materials.

Defendants seek to put an end to this charade and compel Plaintiff to (1) identify the individual who purportedly created and submitted the "bid" on behalf of DM Roofing, and (2) produce all correspondence between DM Roofing and Plaintiff's counsel related to the Property. The information and materials are relevant to the authenticity of the "bid," Plaintiff's credibility, the credibility of Plaintiff's public adjuster, and the purported value of the claimed Property damage. As discussed below, Plaintiff has a duty to produce these materials, and they are neither privileged nor protected.

**Grounds for Relief:** Plaintiff has a duty under Rule 26(a)(1)(A)(i) to disclose each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses (*i.e.*, the person who created and submitted the "bid"). To date, Plaintiff has not disclosed DM Roofing (or any associated individual) as a person with knowledge.

Moreover, Defendants served Rule 34 Requests for Production on Plaintiff, which included the following request:

> **REQUEST 4**:  Produce any and all communications between you[1] and any person . . . relating to . . . actual or proposed repairs to the Property at any time . . . including but not limited to communications between you and the following persons:
>
> …
> m.   DM Roofing
> …

Plaintiff's only objection to Request 4 was as follows: "Plaintiff objects to this request as it exceeds the duties under Federal Rule of Civil Procedure 26(a)(2)."  Plaintiff did not produce any communications with DM Roofing, nor did Plaintiff assert any privilege or identify any responsive documents or communications being withheld as required by Rule 26(b)(5).  *Cicel (Beijing) Sci. & Tech. Co., Ltd. v. Misonix, Inc.*, 331 F.R.D. 218, 228 (E.D.N.Y. 2019) ("Consistent with these principles, courts in the Second Circuit have uniformly concluded that '[t]he failure of a party to list a document withheld during the course of discovery on a privileged log ... ordinarily results in a finding that the privilege otherwise asserted has been waived.'") (internal citations omitted); *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 166 (S.D.N.Y. 2014) (citing *Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Intern., Inc.*, 130 F.R.D. 28, 32 (S.D.N.Y.1990) (party's failure to "specify work product as the particular privilege" constituted a waiver of that privilege)).

If Plaintiff's counsel actually possesses "proof" in the form of some alleged email from DM Roofing attaching the "bid," then it is clearly responsive to this request and relevant to Plaintiff's claims in this lawsuit.  Any objection or assertion of privilege was not stated and has been waived, and Plaintiff has no basis for withholding these materials.

**Requested relief**:  For the foregoing reasons, Defendants request an informal conference with the Court to discuss this Motion to compel Plaintiff to (1) identify the individual who purportedly created and submitted the "bid" on behalf of DM Roofing, and (2) produce all correspondence between DM Roofing and Plaintiff's counsel related to the Property.

**Meet and Confer Process**:  Regarding the requested relief, lead trial counsel for Defendants, Greg Winslett, and lead trial counsel for Plaintiff, Matthew Zarghouni, conferred on September 25 by telephone for approximately 10 minutes, during which time Mr. Winslett informed Mr. Zarghouni that he believed the parties to be at an impasse.  Mr. Winslett and Mr. Zarghouni also extensively discussed the above issues via email on August 15-17, during which time no resolution could be reached.  Counsel for Defendants, Richard Smith, and Mr. Zarghouni conferred via telephone on Friday, September 1, 2023, for approximately 10 minutes about the same issues, and no resolution could be reached.

---

[1] The Requests for Production defined "you" to include Plaintiff "and its agents, representatives, members, managers, employees, officers, directors, **attorneys** . . . and other persons acting or purporting to act on its behalf."

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT, admitted *pro hac vice*
Texas State Bar No. 21781900
RICHARD L. SMITH, III, admitted *pro hac vice*
Texas State Bar No. 24098446
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
rlsmith@qslwm.com

MATTHEW KRAUS, ESQ. (MK0621)
**CHARTWELL LAW**
One Battery Park Plaza, Suite 710
New York, New York 10004
(212) 785-0757
mkraus@chartwell.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument is being served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this 4th day of October, 2023, as follows:

*/s/ Greg K. Winslett*

Greg K. Winslett

Plaintiff may respond by **October 5, 2023**. The Court will conference this matter on **October 6, 2023 at 3 PM and Lead Trial Counsel must attend**. The conference will be held via Microsoft Teams. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: 566 099 460, followed by the pound (#) sign. The Court reserves judgment in the meantime. However, Lead Trial Counsel should thoroughly investigate this matter in the next day. If there has been any error or oversight concerning documents produced in discovery, Lead Trial Counsel must make a full corrective disclosure immediately.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 5, 2023