UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CBKZZ INVESTMENT LLC d/b/a CASA ROSA HOTEL,<br><br>     Plaintiff,<br><br> -against-<br><br>RENAISSANCE RE SYNDICATE 1458 LLOYDS and MT. HAWLEY INSURANCE COMPANY,<br><br>     Defendants. | 22-cv-10672 (AS)<br><br>OPINION<br>AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

 Plaintiff CBKZZ Investment LLC sued Defendants Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyds (the insurers) for breach of contract. The insurers move for summary judgment. For the following reasons, the insurers' motion is DENIED.

## BACKGROUND

 CBKZZ owns Casa Rosa Hotel in Port Isabel, Texas. Compl. ¶ 1, Dkt. 7. The insurers issued commercial property insurance to CBKZZ that ran from September 24, 2021, to September 24, 2022. ¶ 11; Dkt. 52-2 at 11. The insurance policy contains a "windstorm or hail loss reporting limitation addendum." Dkt. 52-2 at 99. The addendum provides:

> Regardless of anything to the contrary in the policy to which this endorsement is attached, the following limitations apply in reference to reporting of claims under this policy:
>
>> With respect to loss or damage caused by windstorm or hail, including any named storm, you must give us prompt notice of the loss or damage and include a description of the property involved, and as soon as possible give us a description of how, when and where the loss or damage occurred. In no event may a claim be filed with us later than one year after the date of the loss or damage that is the subject of the claim.

*Id.* The policy states that "[n]o one may bring a legal action against us" for coverage unless "[t]here has been full compliance with all of the terms" of coverage. *Id.* at 59.

 The policy also contains a choice of law provision that provides that "[a]ll matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)." *Id.* at 103.

On or around October 16, 2021, a severe windstorm damaged the hotel's roof. Dkt. 51 at 4; Dkt. 52 at 9. CBKZZ reported the loss to the insurers on February 10, 2022. *Id.*

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "'genuine' … if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A movant defendant is entitled to summary judgment only if we conclude that on the record presented, considered in the light most favorable to the non-movant plaintiff, no reasonable jury could find in his favor on his claim." *Williams v. MTA Bus Co.*, 44 F.4th 115, 126 (2d Cir. 2022) (cleaned up).

## DISCUSSION

### I.   This case is governed by New York law.

The parties first dispute whether this case is governed by New York or Texas law. The policy contains a choice-of-law provision that selects "the law and practice of the State of New York (notwithstanding New York's conflict of law rules)." Dkt. 52-2 at 103. And under New York law, this provision means that New York law applies because "courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract." *Ministers & Missionaries Ben. Bd. v. Snow*, 26 N.Y.3d 466, 474 (2015).

CBKZZ argues that the provision is unenforceable because applying New York law would violate Texas insurance law, which applies because the policy was solicited, negotiated, and delivered in Texas. Dkt. 52 at 4–7. But this Court sits in New York and so applies New York's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). And the controlling New York rule is that the Court may not conduct the type of choice-of-law analysis that CBKZZ is proposing when the parties have selected New York law in their contract. *See Capstone Logistics Holdings, Inc. v. Navarrete*, 2018 WL 6786338, at *22 (S.D.N.Y. Oct. 25, 2018) ("Since *Ministers* was handed down, … the courts of New York have refused to consider the public policy of *foreign states* … to overturn an otherwise valid contractual choice of law provision." (collecting cases)), *aff'd and remanded in part*, 796 F. App'x 55 (2d Cir. 2020). The choice of law clause is therefore enforceable and New York law applies.

### II.   There are genuine disputes as to issues of material fact relevant to CBKZZ's breach of contract claim.

For all loss related to windstorms or hail, the policy requires CBKZZ to "give [the insurers] prompt notice of the loss or damage" and provide "a description of how, when and where the loss or damage occurred" "as soon as possible." Dkt. 52-2 at 99. The policy further provides that "[i]n no event may a claim be filed with [the insurers] later than one year after the date of the loss or damage that is the subject of the claim." *Id.* Contrary to CBKZZ's argument, this language did not permit windstorm or hail losses to be reported at any time within one year. Instead, the one-year

limit provides a "general, outer-limit time bar" for the insured to notify the insurers of any claims and does not negate the requirement that notice also be prompt. *Weeks Marine, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 511 F. App'x 78, 80 (2d Cir. 2013).

So the question is whether CBKZZ complied with this notice requirement when it reported the October 16, 2021 damage on February 10, 2022. Dkt. 51 at 12; Dkt. 52 at 9; Dkt. 50-3. "Whether or not an insured's failure to provide timely notice to an insurer is reasonable under the circumstances is ordinarily a question of fact precluding summary judgment." *Mount Vernon Fire Ins. Co. v. Abesol Realty Corp.*, 288 F. Supp. 2d 302, 311 (E.D.N.Y. 2003) (citing *Kaliandasani v. Otsego Mut. Fire. Ins. Co.*, 256 A.D.2d 310 (2d Dep't 1998)). "However, a delay in notice may be unreasonable as a matter of law when no excuse for the delay is put forth or the proffered excuse is meritless." *Id.*

There are genuine questions of material fact related to whether notice was prompt. Most relevant here, the parties dispute when CBKZZ learned about the damage. CBKZZ points to deposition testimony indicating that it was not aware of damage on the day of the windstorm and instead became aware at some later time when hotel guests complained about leaks. Dkt. 52 at 9 (quoting Dkt 50-8 at 9:10–25). The insurers dispute this argument, but at the very least, it turns on the credibility of the testimony of CBKZZ's principal. The insurers also say that CBKZZ must have become aware of the loss at the latest when its building consultant, Mark Earle, inspected the roof. But the parties also dispute when this inspection occurred. The insurers contend that it took place on December 2, 2021, as evidenced by Earle's expert report (which lists the date of inspection on the first page) and his deposition testimony. Dkt. 50-9 at 11:2–5; Dkt. 52-4. CBKZZ claims that Earle's inspection took place on January 12, 2022, that his final report was not submitted to CBKZZ until January 22, 2022, and it provides an unsworn affidavit by Earle to that effect. Dkt. 52-4 at 10. To be sure, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010). But as CBKZZ points out, Earle's report also includes photographs from the inspection and the photographs are dated January 12, 2022. *See* Dkt. 52-4 at 12 –21.

So CBKZZ may not have been on notice of the damage until sometime in January, just a few weeks before the damage was reported. Of course, CBKZZ will have the burden at trial of establishing that it provided prompt notice. *See Sec. Mut. Ins. Co. of New York v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 441 (1972). But the only question at this stage is whether there are disputes of material fact that preclude summary judgment. And the Court holds that there are such disputes. *See Trident Int'l Ltd. v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2008 WL 2909389, at *4–5 (S.D.N.Y. July 24, 2008) (denying summary judgment when "factual issues remain about whether … [the insured] complied with the conditions precedent to coverage" and collecting similar New York state cases).

### III.   Summary judgment is not appropriate as to CBKZZ's request for attorneys' fees.

In the complaint, CBKZZ seeks "reasonable attorneys' fees," "costs, expert and witness fees," and "such other further and different relief as to the Court seem[s] appropriate and just." Compl. at 6–7. The complaint also states that "[a]s a result of Defendants' breaches, Plaintiff has been forced to retain an attorney and seeks reimbursement for its reasonable attorney's fees because Defendants have conducted themselves in bad faith, had no basis to challenge Plaintiff's Claim, and no reasonable insurer would, under these facts, challenge, deny or ignore the Claim." ¶ 33.

This issue is governed by New York law. As already explained, the policy contains an enforceable choice-of-law provision that governs "all matters arising under the policy," which would include damages resulting from CBKZZ's breach of contract claim. *See also Com. & Indus. Ins. Co. v. U.S. Bank Nat. Ass'n*, 2008 WL 4178474, at *5 (S.D.N.Y. Sept. 3, 2008) ("[I]n a first-party breach of insurance contract claim, where the allegation of bad faith refusal to pay depends on a determination of the plaintiff's obligations under the insurance contract, the breach of contract and bad faith claims are inextricably intertwined and should be governed by the laws of the same state.").

Applying New York law, an insured generally "may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *Globecon Grp., LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 177 (2d Cir. 2006) (quoting *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 324 (1995)). There is, however, an exception to this rule: "an insured may recover attorneys' fees in connection with filing an action" when it "can make a showing of such bad faith on the part of the insurer in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Wentworth Grp. Inc. v. Evanston Ins. Co.*, 2022 WL 909794, at *3 (S.D.N.Y. Mar. 29, 2022) (cleaned up). This exception is narrow given the "strong presumption in New York against a finding of bad faith liability by an insurer," which "can be rebutted only by evidence establishing that the insurer's refusal to defend was based on 'more than an arguable difference of opinion' and exhibited 'a gross disregard for its policy obligations.'" *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624–25 (2d Cir. 2001) (quoting *Sukup v. New York*, 19 N.Y.2d 519, 522 (1967)).

Here, the insurers make only the erroneous argument that attorneys' fees are never available under New York law, even if an insurer acted in bad faith. Dkt. 51 at 12–13. They fail to raise any argument whatsoever that the requirements for the bad faith exception are not satisfied under the factual circumstances of this case. It seems unlikely that CBKZZ can meet the high bar of showing that fees are warranted. But this is the insurers' motion, and having failed to demonstrate that their denial of coverage was not made in bad faith as a matter of law, summary judgment is inappropriate.

To the extent that CBKZZ is requesting any other consequential damages, the "Second Circuit Court of Appeals, the New York Court of Appeals, [and] other courts in the Southern

District, … have all held consistently that such damages are unavailable in insurance cases, unless the plaintiff alleges that the specific injury was of a type contemplated by the parties at the time of contracting," which generally requires "that a specific contractual provision permit recovery for consequential damages." *Globecon Grp., LLC v. Hartford Fire Ins. Co.*, 2003 WL 22144316, at *3 (S.D.N.Y. Sept. 17, 2003) (collecting cases), *aff'd*, 434 F.3d 165 (2d Cir. 2006). "The contract here includes no statement anticipating recovery of damages flowing from an alleged breach by the insurer," so such damages are unavailable. *Id.*

## CONCLUSION

The Court DENIES the insurers' motion for summary judgment. No later than **March 8, 2024**, the parties should jointly write to the Court proposing dates for trial in April and May and indicating whether CBKZZ has a right to a jury trial on its claim (and intends to assert that right), or whether the policy waives that right.

The Clerk of Court is directed to terminate Dkt. 50.

SO ORDERED.

Dated: February 22, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge